Nos. 23-5343/5345

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Apr 22, 2023
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| COMMONWEALTH OF KENTUCKY, )<br>)<br>    Plaintiff-Appellant, (No. 23-5343), )<br>)<br>KENTUCKY CHAMBER OF COMMERCE, et al., )<br>)<br>    Plaintiffs-Appellants, (No. 23-5345), )<br>)<br>v.                                                          )<br>)<br>UNITED STATES ENVIRONMENTAL )<br>PROTECTION AGENCY, et al., )<br>)<br>    Defendants-Appellees. ) | O R D E R |

Before: GUY, KETHLEDGE, and BUSH, Circuit Judges.

In these related appeals, Plaintiffs the Commonwealth of Kentucky and several private-sector organizations appeal from a district court order dismissing both parties' actions for lack of standing and denying them an injunction against enforcement of the Environmental Protection Agency's final rule titled "Revised Definition of 'Waters of the United States,'" 88 Fed. Reg. 3004 (Jan. 18, 2023), which went into effect on March 20, 2023. Plaintiffs filed separate motions for an injunction pending appeal in the district court on April 4, 2023, which remain pending. They are now seeking an injunction pending appeal in this court. On April 20, 2023, we issued an administrative stay against enforcement of the Agency's final rule until May 10, 2023. Defendants now move, unopposed, to clarify the scope of that order. The motion to clarify will be granted.

"The purpose of [an] administrative stay is to give the court sufficient opportunity to consider the merits of the motion for a stay . . . ." *Arizona v. Biden*, 2022 U.S. App. LEXIS 9522, at *2 (6th Cir. Apr. 8, 2022) (order) (alteration in original) (quoting *Brady v. Nat'l Football League*, 638 F.3d 1004, 1005 (8th Cir. 2011) (order) (collecting cases)). Although we have not adopted a standard for when an administrative stay is appropriate, *see Breeze Smoke, LLC v. U.S FDA*, No. 21-3902, slip op. at 1 (6th Cir. Oct. 27, 2021) (order), other circuits "have held that the 'touchstone' of this analysis is whether an administrative stay is 'need[ed] to preserve the status quo,'" *Arizona*, 2022 US App. LEXIS 9522, at *2 (alteration in original) (quoting *Nat'l Urb. League v. Ross*, 977 F.3d 698, 702 (9th Cir. 2020) (order)).

Here, motions for an injunction pending appeal remain pending before the district court. And there, the government has not identified any particular interest in immediate enforcement of the final rule. Given these circumstances, an administrative stay "is necessary to preserve the status quo and provide us with the opportunity to give 'reasoned consideration'" to the plaintiffs' motions for an injunction pending appeal. *See Arizona*, 2022 U.S. App. LEXIS 9522, at *3 (quoting *United States v. McGowan*, No. 20-1617, 2020 WL 3867418, at *1 (6th Cir. June 28, 2020) (order)).

Accordingly, the motion to clarify is **GRANTED**. An administrative stay of enforcement of the Agency's final rule inside the Commonwealth of Kentucky and against the Commonwealth and Plaintiff-Appellants in Case No. 23-5345 and their members is **GRANTED** until May 10, 2023. Responses to the plaintiffs' motions for an injunction pending appeal are to be filed no later than May 1, 2023, and replies no later than May 5, 2023.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk