UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT
NO. 23-5343

COMMONWEALTH OF KENTUCKY
    Plaintiff-Appellant

v.

U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.*
    Defendants-Appellees

*    *    *

NO. 23-5345

KENTUCKY CHAMBER OF COMMERCE, *et al.*
    Plaintiffs-Appellants

v.

U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.*
    Defendants-Appellees

## UNOPPOSED MOTION
## FOR BRIEFING EXTENSION

Under Fed. R. App. P. 26(b) and 6 Cir. R. 26(a), the Commonwealth of Kentucky and Appellant Associations[1] (together, "Appellants") move to extend the deadline to file opening briefs in these appeals.

---

[1] Kentucky Chamber of Commerce, Chamber of Commerce of the United States of America, Associated General Contractors of Kentucky, Home Builders Association of Kentucky, Portland Cement Association, and Georgia Chamber of Commerce.

1.     The underlying lawsuits challenge a new federal rule redefining a key phrase in the Clean Water Act—the "waters of the United States." 88 Fed. Reg. 3004 (the "Initial Rule"). Kentucky and Appellant Associations filed separate suits earlier this year, which the district court consolidated. The district court denied Appellants' motions for a preliminary injunction and dismissed both suits. Appellants appealed, after which they sought and received an injunction pending appeal from this Court. In granting the injunction, the Court noted the pendency of *Sackett v. EPA*, No. 21-454 (U.S.), which "will address the significant nexus test and therefore may have significant effects on the Final Rule."

2.     The Supreme Court decided *Sackett v. EPA* on May 25. 143 S. Ct. 1322 (2023). In light of *Sackett*, Appellees moved to hold these appeals in abeyance "pending publication of a new final rule regarding the definition of 'waters of the United States' in the Federal Register." The Court granted abeyance. On August 29, EPA issued the promised rule, which was published in the Federal Register on September 8. 88 Fed. Reg. 61694 (the "Revised Rule").

3.     That same day, the Court set a revised briefing schedule, which requires Appellants to file their opening briefs by October 18, 2023.

4.    Appellants respectfully request that the Court extend their deadline to file opening briefs by 30 days, until November 17, 2023, for the following two reasons:

5.    First, Appellants are still evaluating the Revised Rule in light of *Sackett* to determine what effect it has on these appeals and the underlying litigation more generally. As Appellees themselves noted in moving for abeyance, it was expected that all parties would need "time to assess the new rule" and "react to the new rule." Defs.-Appellees' Unopposed Mot. for Abeyance at 3, No. 23-5345 (6th Cir. June 30, 2023).  But at this point, Appellants have had the benefit of the Revised Rule for just over two weeks—since August 29. They require additional time to weigh how the Revised Rule affects the several legal questions in these appeals and their various interests, which include those of a sovereign state and its citizens, as well as those of the many and diverse members of Appellant Associations.

6.    Second, absent an extension, the press of other litigation matters makes submission of Appellants' opening briefs by October 18 very difficult. In addition to his work on this matter, between now and October 18, lead counsel for Kentucky has to file a response to a substantive motion in *Kentucky v. EPA*, No. 23-3624 (6th  Cir.), a reply brief in *Graham v. Adams*, Nos. 2022-SC-0522,

2023-SC-139 (Ky.), a principal brief in *Kentucky v. EPA*, No. 23-3216 (6th Cir.), and a principal brief in *Davenport v. Kindred Hospitals, Ltd.*, No. 2023-SC-0039 (Ky.).

7.    In addition to their work on this matter, lead counsel for Appellant Associations are responsible for several matters with deadlines, or expected deadlines, between now and October 18, including an oral argument in *Gentry v. Robert Half International Inc.*, No. A166610 (Cal. App.), an oral argument in *West Virginia v. EPA*, No. 23-1418 (4th Cir.), a principal brief in *Dorff v. Robert Half International Inc.*, No. B327191 (Cal. App.), motions practice in several cases in the D.C. Circuit, and a hearing in an arbitration.

8.    This request is not made for the purpose of delay.

9.    Appellees do not oppose this request.

*** 

For these reasons, Appellants respectfully request a 30-day extension, until November 17, 2023, to file their opening briefs.

Respectfully submitted by,

s/ Matthew F. Kuhn

Daniel Cameron
 *Attorney General*
Victor B. Maddox
 *Deputy Attorney General*
Matthew F. Kuhn
 *Solicitor General*
Harrison Gray Kilgore
Jenna M. Lorence
 *Assistant Solicitors General*
Office of Kentucky Attorney
General
700 Capital Avenue, Suite 118
Frankfort, Kentucky 40601
(502) 696-5300
Matt.Kuhn@ky.gov

*Counsel for Appellant Commonwealth of Kentucky*

s/ Elbert Lin

Elbert Lin
Hunton Andrews Kurth LLP
951 East Byrd Street, East Tower
Richmond, VA 23219
(804) 788-8200
elin@Hunton.com

Matthew Z. Leopold
Kerry L. McGrath
Erica N. Peterson
Hunton Andrews Kurth LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
(202) 955-1500
mleopold@HuntonAK.com
kmcgrath@HuntonAK.com
epeterson@Hunton.com

Charles E. English, Jr. ("Buzz")
Sarah P. Jarboe
LaJuana S. Wilcher
English, Lucas, Priest & Owsley,
LLP
1101 College Street; P.O. Box 770
Bowling Green, KY 42102-0770
(270) 781-6500
benglish@elpolaw.com
sjarboe@elpolaw.com
lwilcher@elpolaw.com

*Counsel for Appellants Kentucky Chamber of Commerce, Chamber of Commerce of the United States of America, Associated*

*General Contractors of Kentucky, Inc.,*
*Home Builders Association of Kentucky,*
*Portland Cement Association, and Georgia*
*Chamber of Commerce*

Tara S. Morrissey
Andrew R. Varcoe
Stephanie A. Maloney
U.S. Chamber Litigation Center
1615 H Street, NW
Washington, DC 20062
(202) 463-5337
tmorrissey@USChamber.com
avarcoe@USChamber.com
smaloney@USChamber.com

*Counsel for Appellant Chamber of*
*Commerce of the United States of America*

# CERTIFICATE OF COMPLIANCE

As required by Fed. R. App. P. 32(g) and 6th Cir. R. 32(a), I certify that this motion complies with the type-volume limitation in Fed. R. App. P. 27(d)(2)(A) because it contains 651 words.

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in 15-point Garamond font using Microsoft Word.

s/ Matthew F. Kuhn

**CERTIFICATE OF SERVICE**

I certify that on September 14, 2023, the foregoing was electronically filed with the Court via the Court's appellate CM/ECF system, and a copy of the same was automatically served on all parties registered with the CM/ECF system on the same date.

s/ Matthew F. Kuhn_____